NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOUIS PAUL TOSCANO, | : | |
| Plaintiff, | : | Civ. No. 08-620 (AET) |
| v. | : | **MEMORANDUM AND ORDER** |
| WARREN COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF TEMPORARY ASSISTANCE/SOCIAL, | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff Louis Paul Toscano's Motion to Object to Dismissal and to Change Venue [5]. The Court has decided the instant motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is denied.

BACKGROUND

Plaintiff filed a complaint [1] against Warren County Department of Human Services Division of Temporary Assistance and Social Services ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff avers Defendant engaged in employment discrimination by improperly considering Plaintiff's alleged disability upon Plaintiff's attempts to secure employment.

1

On June 26, 2006, the Clerk of this Court filed a Notice of Call for Dismissal [3], pursuant to Fed. R. Civ. P 4(m), due to Plaintiff's failure to effectuate service of the summons and complaint on Defendant. Plaintiff was given in excess of thirty (30) to remedy the problem.

On June 30, 2008, Plaintiff corrected the problem and the Clerk of this Court adjusted the record to reflect a summons [4] issued against Defendant. Also on that day, Plaintiff filed the instant motion. The Court construes the instant motion as two requests: a Motion to Object to Dismissal and a Motion to Change Venue. Accordingly, the two will be discussed separately.

## DISCUSSION

A.   Plaintiff's Motion to Object to Dismissal

Plaintiff's Motion to Object to Dismissal is construed by this Court as a Motion for Reconsideration, properly brought under Local Civil Rule 7.1(i). However, because the Clerk of this Court entered an executed summons, reflecting service to Defendants, this portion of Plaintiff's motion before the Court is denied as moot.

B.   Plaintiff's Motion to Change Venue

Also in the instant pleading, Plaintiff moves this Court to change venue to Newark. Plaintiff asserts that on January 31, 2008, he filed a Motion to Renew the Complaint and Motion to Consolidate that did not appear on the docket sheet, and, therefore, the Court lost these motions. Further, Plaintiff claims that the Court has lost six documents related to this case. Plaintiff interprets the lost documents as vindictive, and an inappropriate exercise of judgment. Therefore, Plaintiff requests a change of venue to Newark.

A motion to change venue to a more convenient forum is properly brought under 28 U.S.C. § 1404(a), which presupposes that venue is proper in the transferor court. Section

1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Before permitting such a transfer, a district court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The burden of establishing the need for transfer rests with the movant. Id.

Here, Plaintiff, without citing any case law or statute, limited his discussion to the argument that the Court has been vindictive, and has exercised inappropriate judgment. While a court may transfer a case under 28 U.S.C. § 1404(a), *sua sponte*, Plaintiff has not proffered enough facts or evidence for this Court to transfer venue. Accordingly, the Court finds the current venue proper. Therefore, that part of the instant motion requesting a change of venue is denied.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 13th day of November, 2008,

ORDERED that Plaintiff Louis Paul Toscano's Motion to Object to Dismissal and Change Venue is [5] is DENIED.

                                                s/ Anne E. Thompson
                                         ANNE E. THOMPSON, U.S.D.J.